IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORA UPSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: **2:07-CV-612-WHA** |
| ) | |
| GORDON H. MANSFIELD, in his ) | |
| official capacity as Acting Secretary of ) | |
| Veterans Affairs,[1] ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Now comes Defendant, Gordon H. Mansfield, Acting Secretary of Veterans Affairs, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and answers Plaintiff's Complaint as follows:

**First Defense**

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

**Second Defense**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**Third Defense**

Some or all of Plaintiff's claims are barred to the extent she has failed to timely

---

[1] R. James Nicholson has resigned as Secretary of the Department of Veterans' Affairs since the filing of this suit. On October 1, 2007, Gordon H. Mansfield assumed the position of Acting Secretary. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Acting Secretary Mansfield is due to be substituted for Mr. Nicholson.

and / or fully exhaust the mandatory administrative remedies applicable to actions brought by federal-sector employees pursuant to 42 U.S.C. § 2000e-16, et seq.

### Fourth Defense

Defendant denies the allegations of discrimination / retaliation in Plaintiff's Complaint and demands strict proof of all matters contained therein.

### Fifth Defense

Any actions taken with respect to Plaintiff, or her employment, were taken for legitimate, non-discriminatory reasons, in good faith, and, as such, did not violate any legal rights possessed by her.

### Sixth Defense

Plaintiff has failed to mitigate her damages, her entitlement to which is expressly denied.

### Seventh Defense

Some, or all, of Plaintiff's claims may be barred by the statute of limitations or the doctrines of accord and satisfaction, after-acquired evidence, estoppel, justification, res judicata, laches, unclean hands, or waiver.

### Eighth Defense

Without admitting that a discriminatory and/or retaliatory intent prompted any of the complained of actions/inactions, the defendant asserts that it would have made the same decisions even in the absence of any discriminatory/retaliatory consideration.

**Ninth Defense**

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

**Tenth Defense**

NOW, having set forth certain of its defenses herein, Defendant responds to the paragraphs of Plaintiff's Complaint as follows:

1.  The defendant admits the allegations of paragraph 1 of the complaint.

2.  The defendant avers that Gordon H. Mansfield is the Acting Secretary of Veterans' Affairs.

3.  The assertions in this paragraph are a statement of jurisdiction to which no response is necessary. To the degree a response is deemed necessary, same are denied. The defendant further avers the Court's jurisdiction, if any, over the allegations alleged in the complaint, is derived from 42 U.S.C. § 2000e-16, et seq.

4.  Defendant is without sufficient information to affirm or deny the allegations of paragraph 4 of the complaint, same are therefore denied.

5.  The defendant admits the allegations of paragraph 5 of the complaint.

6.  The defendant admits the allegations of paragraph 6 of the complaint.

7.  The defendant admits the allegations of paragraph 7 of the complaint.

8.  The defendant admits the allegations of paragraph 8 of the complaint.

9.  The defendant admits the allegations of paragraph 9 of the complaint.

10. The defendant denies the allegations of paragraph 10 of the complaint.

11. Defendant is without sufficient information to affirm or deny the allegations of paragraph 11 of the complaint, same are therefore denied.

12. The defendant denies the allegations of paragraph 12 of the complaint.

13. Defendant is without sufficient information to affirm or deny the allegations of paragraph 13 of the complaint, same are therefore denied.

14. The defendant admits the allegations of paragraph 14 of the complaint.

15. The defendant admits the allegations of paragraph 15 of the complaint.

16. The defendant admits the allegations of paragraph 16 of the complaint.

17. The defendant admits the allegations of paragraph 17 of the complaint.

18. The defendant denies the allegations of paragraph 18 of the complaint.

19. Defendant is without sufficient information to affirm or deny the allegations of paragraph 19 of the complaint, same are therefore denied.

20. The defendant denies the allegations of paragraph 20 of the complaint.

21. The defendant denies the allegations of paragraph 21 of the complaint.

22. The defendant denies the allegations of paragraph 22 of the complaint.

The remaining allegation of the complaint is in the form of a prayer for relief to which no answer is required. To the degree an answer is deemed necessary, the defendant denies that the plaintiff is entitled to recover any damages and / or relief.

Defendant denies each and every allegation of Plaintiff's Complaint not expressly admitted in the preceding paragraphs of this Answer.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant requests that the Court enter an Order dismissing the Complaint in its entirety with prejudice, award Defendant costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted this 4th day of October, 2007.

                                  LEURA G. CANARY
                                  United States Attorney

By: s/R. Randolph Neeley
    R. RANDOLPH NEELEY
    Assistant United States Attorney
    Bar Number: 9083-E56R
    Post Office Box 197
    Montgomery, AL  36101-0197
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    **E-mail: rand.neeley@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Michael Guy Holton, Esquire.

s/R. Randolph Neeley
Assistant United States Attorney
