IN THE UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORA UPSHAW ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Case No.:2:07-CV-612-WKW |
| ) | |
| DR. JAMES PEAKE, in his official ) | |
| capacity as SECRETARY OF ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS . ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Cora Upshaw, is a resident of Montgomery, Alabama and at all times material hereto has been employed by the United States Department of Veterans Affairs.

2. Defendant, R. James Nicholson, is by information believed to be the Department Head of the Department of Veterans Affairs as Secretary of Veterans Affairs.

### STATEMENT OF JURISDICTION

3. This Honorable Court has jurisdiction over the matters herein whereas there are allegations of discriminatory conduct against Plaintiff by Defendant which said conduct is believed to be prohibited by Civil Rights Act of 1964, et.seq., and or otherwise 42 U.S.C. §1983.

4. Plaintiff received the "Transmittal of Final Agency Decision or Order" on or about 05 JUN 2008.

### STATEMENT OF FACTS

5. Plaintiff is a member of a protected class of persons.

6. Plaintiff has been employed with the United States Federal Government for a period exceeding twenty-one (21) years and her current employment is with the Defendant Agency.

7. On or about 17 NOV 2006 Plaintiff management for the agency placed Plaintiff on a Performance Improvement Plan (PIP) for failure to meet the quality productivity standard during the new rating period 01 MAR 06 to 30 SEP 06 and that management for the agency told Plaintiff the new quality productivity standard would be based on a six month instead of a one year rating period.

8. On or about 18 DEC 06 management for the agency Defendant notified Plaintiff that she was not selected for the position of Veterans Service representative , GS-11/12 pursuant to MPA No. 2006-261-MG.

9. Applicants whom were less qualified than Plaintiff and whom were not members of a protected class, were promoted to the applied for positions instead of Plaintiff.

10. On or about 14 DEC 06 and 21 FEB 07 Plaintiff filed her EEOC complaints for the above alleged actions or non-actions by the Defendant Agency based on reprisal, race and gender discrimination.

11. Plaintiff at all times material hereto was qualified for the position applied for by Plaintiff and was not given adequate and accurate consideration for her experience, expertise in the applied field, length of service for the agency (approximately 22 years), and or education.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983**

12. Plaintiff is a member of a protected class of persons.

13. On or about 17 NOV 2006 Plaintiff management for the agency placed Plaintiff on a Performance Improvement Plan (PIP) for failure to meet the quality productivity standard during the new rating period 01 MAR 06 to 30 SEP 06 and that management for the agency told Plaintiff the new quality productivity standard would be based on a six month instead of a one year rating period.

14. Defendant Agency failed to properly consider Plaintiff's performance for the twelve month rating period as opposed to a six month rating period.

15. On or about October or November 2006 Plaintiff applied for a promotion to a Veterans Service Representative position.

16. On or about 18 DEC 06 management for the agency Defendant notified Plaintiff that she was not selected for the position of Veterans Service representative , GS-11/12 pursuant to MPA No. 2006-261-MG.

17. Applicants whom were less qualified than Plaintiff and whom were not members of a protected class, were promoted to the applied for positions instead of Plaintiff.

18. Plaintiff was discriminated against based on reprisal for prior EEO activity and or race and / or gender (female) when not selected by the agency for applicable promotion to which Plaintiff was more qualified than other persons not protected whom were selected for promotion.

19. The Agency's reasons for not promoting Plaintiff are merely pre-textual and not supported by any sufficient facts which would justify the refusal of the agency to promote Plaintiff to the qualified position.

20. As a direct and proximate result of Defendant Agency's acts and or omissions Plaintiff has been caused to suffer economic loss, mental anguish, and future economic loss as well as the inherent damage associated with suffrage of discrimination.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages in an amount to be determined by a jury, plus costs of litigation and reasonable attorneys fees.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all Counts contained herein.

**RESPECTFULLY SUBMITTED** this the 29th day of June, 2008.

/s/ Michael Guy Holton
Michael Guy Hotlon (HOL106)
Attorneys for Plaintiff
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
(334) 514-6003 (direct)

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing on the below listed counsel of record by United States Postal Service first class mail postage paid and or by filing same via CM/ECF on this the 29th day of June, 2008.

R. Randolph Neeley, Esq.
PO Box 197
Montgomery, AL 36101

                                                  /s Michael Guy Holton
`                                          Counsel for Plaintiff